```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X
RAMON CARO,                    :
                               :
        Petitioner,            :
                               :    02 Civ. 5442 (JFK)
        -against-              :    89 Cr. 31 (JFK)
                               :    **OPINION and ORDER**
UNITED STATES OF AMERICA,      :
                               :
        Respondent.            :
- - - - - - - - - - - - - - - X
```

APPEARANCES:

    For the Petitioner:

        RAMON CARO, Pro Se
        Reg. No. 05914-069
        FCI Schuylkill
        P.O. Box 759
        Minersville, Pennsylvania 17954

    For the Respondent:

        DAVID N. KELLEY
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007
        Of Counsel:  Thomas G. A. Brown

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

Before the Court is the second or successive petition of Ramon Caro, pursuant to 28 U.S.C. § 2255 ("§ 2255"), to vacate, set aside or amend his sentence. Under the rubric of Coleman v. United States, 329 F.3d 77 (2d Cir. 2003), Maldonado v. United States, 344 F.3d 244 (2d Cir. 2003), and Guzman v. United States, 404 F.3d 139 (2d Cir. 2005), Caro's petition is impermissible and is, therefore, dismissed.

## BACKGROUND

### Arrest and conviction

Caro was indicted on January 19, 1989. Count One of the indictment charged Caro with participating in a conspiracy to distribute, and to possess with intent to distribute, more than 50 grams of cocaine base (also known as "crack") from in or about September 1987, through in or about April 1988, in violation of 21 U.S.C. § 846. Count Two of the indictment charged Caro with maintaining a facility for the distribution of narcotics in violation of 21 U.S.C. § 856. A jury convicted Caro, who was represented by counsel, on Counts One and Two following a trial before this Court.

### Sentencing

In the Presentence Report ("PSR") the Probation Department calculated Caro's base offense level to be thirty-six, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1,

based on the determination that Caro's offense conduct involved between 50 and 150 kilograms of cocaine. That level was increased two points, pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a firearm during the commission of the offense; and four points, pursuant to U.S.S.G. § 3B1.1(a), based on Caro's role as a leader or organizer of the illegal activity. The probation Department deferred to the Court regarding the imposition of a two point enhancement for obstruction of justice. After assigning Caro to Criminal History Category I, the Probation Department offered alternative sentencing range calculations depending on the Court's decision concerning the enhancement for obstruction of justice. The calculation without the enhancement resulted in a total offense level of forty-two, which corresponded to a sentence ranging from 360 months to life imprisonment. The calculation with the enhancement resulted in a total offense level of forty-four, which corresponded to a sentence of life imprisonment. Caro's counsel objected on Caro's behalf to the Probation Department's determination of Caro's base offense level and of the three enhancements. Sentencing Transcript at 8-9, 10-14.

The Court concluded that the PSR's base offense level determination of thirty-six was appropriate for Caro because Caro's offense conduct involved between 50 and 150 kilograms of cocaine. Id. at 8-9, 15. The Court also determined that the two

point firearm enhancement was appropriate, and that a further two point enhancement for obstruction of justice was proper and supported by a preponderance of the evidence. Id. at 15. The Court, however, disagreed with the PSR and added only two points for Caro's role as a manager or organizer of the conspiracy. Id. at 16. Accordingly, the total offense level was forty-two and the applicable sentencing range was 360 months to life imprisonment. The Court sentenced Caro to 35 years' imprisonment on Count One and 20 years' imprisonment on Count Two (to run concurrently with the sentence imposed on Count One). Id. at 17.

## Appeal to the Second Circuit

Caro appealed the judgment of conviction and sentence. On December 12, 1990, the United States Court of Appeals for the Second Circuit affirmed the judgment of this Court. See United States v. Caro, No. 90-1393 (2d Cir. Dec. 12, 1990) (unpublished mandate).

## Caro's first pro se petition under 28 U.S.C. § 2255

On May 4, 1993, Caro, acting pro se, filed his first petition under 28 U.S.C. § 2255 alleging ineffective assistance of trial and appellate counsel. On January 18, 1996, the Court denied Caro's petition in all respects without a hearing. See Caro v. United States, No. 93 Civ. 2934 (JFK), 1996 WL 19044 at *2 (S.D.N.Y. Jan. 18, 1996). The Court found that Caro's claim of ineffective assistance of counsel at trial did not satisfy the

legal standard under Strickland v. Washington, 466 U.S. 688 (1984). Moreover, the Court found that Caro's claim of ineffective assistance of counsel at sentencing failed as a matter of fact, since defense counsel had objected to the amount of cocaine that was attributed to Caro. Caro, 1996 WL 10944 at *2.

## The advent of AEDPA and Apprendi

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") which, among other things, set forth express requirements for second or successive petitions. In particular, under AEDPA's "gatekeeping provisions," an individual seeking to file a second or successive habeas motion must first receive permission to do so from the appropriate circuit court of appeals. See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 ¶ 8 (requiring that a second or successive motion "be certified as provided in section 2244"). The court of appeals, in turn, may authorize the filing of a second or successive petition only if the movant's application contains a claim based upon "(1) newly discovered evidence . . . ; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 ¶ 8; see also 28 U.S.C. § 2244 (b)(2)(A).

In addition, in June 2000, the Supreme Court of the United States decided Apprendi v. New Jersey, holding that "[o]ther than

5

the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). The Supreme Court has not announced that <u>Apprendi</u> applies retroactively. See <u>Harris v. United States</u>, 536 U.S. 545, 581 (2002) (Thomas, J., dissenting) ("No Court of Appeals, let alone this Court, has held that <u>Apprendi</u> has retroactive effect.").

<u>Caro's second or successive petition</u>

Caro subsequently applied to the Court of Appeals for the Second Circuit for an order authorizing consideration of a second or successive motion under § 2255. On July 30, 2001, the Second Circuit issued an order noting that Caro's petition "does not meet the standards" for authorization of a second or successive § 2255 motion and thus could not be granted. See <u>United States v. Caro</u>, No. 01-3592 (2d Cir. Jul. 30, 2001) (unpublished order). The court then observed, however, that "it is not clear that petitioner requires such authorization, because it has not yet been determined whether petitions filed prior to the passage of the [AEDPA] are counted with respect to the successive petitions rule of § 2255." <u>Id.</u> The Court of Appeals directed Caro to file the motion with this Court, for this Court's initial determination of whether it has jurisdiction, <u>i.e.</u>, whether Caro's first § 2255 motion counts for purposes of AEDPA. <u>Id.</u> If

the first petition does count, this Court "must dismiss by reason of lack of Court of Appeals authorization for the successive petition." Id.  If it does not count, then this Court should proceed to decide the petition on the merits.  Id.

Caro, again acting pro se, filed his petition as directed and the motion was fully briefed.  Caro raised the following claims:  (1) the Government violated the standards set forth in Apprendi by failing to allege in the indictment that drug quantity or other punishment enhancing factors such as his role in the offense, possession of a firearm and obstruction of justice, were elements of the crimes with which he was charged; (2) the Government violated the standards set forth in Apprendi by failing to submit to the jury these sentencing enhancement factors for determination based on a standard of reasonable doubt; and (3) trial counsel was ineffective because of failure to object to evidence of drug weight or other sentencing enhancements outside the indictment. In August 2004, Caro filed a supplemental brief in which he argued that, in light of Blakely v. Washington, 542 U.S. 296 (2004), his sentence violated his right to a jury trial with respect to the determination of his base offense level and of the sentencing enhancements.  In February 2005, Caro filed yet another supplemental brief asserting that, in light of Booker v. United States, 125 S. Ct. 738 (2005), the application of the Federal Sentencing Guidelines

violated his Sixth Amendment rights[1].

Intervening decisions

In the meantime, the Court of Appeals decided <u>Coleman</u>, <u>Maldonado</u>, and <u>Guzman</u>. Because they are dispositive of the instant motion, the Court now turns to a discussion of these cases.

## DISCUSSION

In <u>Coleman</u>, petitioner's conviction had become final in May 1999, one year before <u>Apprendi</u> was decided. <u>Coleman</u>, 329 F.3d at 80. Subsequent to the <u>Apprendi</u> decision, petitioner filed a § 2255 motion raising <u>Apprendi</u> claims. <u>Id.</u> The district court denied the motion and petitioner appealed, arguing that <u>Apprendi</u> applied retroactively to his § 2255 motion. <u>Id.</u> at 80-81.

The Second Circuit affirmed the judgment of the district court, holding that "<u>Apprendi</u> is a new rule that does not apply retroactively to initial section 2255 motions for habeas relief." <u>Id.</u> at 82. The court found that <u>Apprendi</u> "unquestionably announced a new rule of law," then proceeded to explore whether the rule in <u>Apprendi</u> applies retroactively on habeas review. <u>Id.</u> at 83. The court noted that retroactivity "depends largely on whether the rule is substantive or procedural," and that procedural rules, with two narrow exceptions, are not

---

[1]Because <u>Booker</u> represents the application of <u>Blakely</u> to the Federal Sentencing Guidelines, <u>see</u> <u>Booker</u>, 125 S. Ct. at 746, the Court need not address Caro's <u>Blakely</u> arguments separately.

retroactive. Id. at 83 (internal quotation and citations omitted).

The court found that Apprendi was, indeed a procedural rule. Id. at 87-88. However, the court observed that Apprendi could still apply retroactively if it fell into one of two categories:

> (1) new rules that place an entire category of primary conduct beyond the reach of the criminal law, or new rules that prohibit imposition of a certain type of punishment for a class of defendants because of their status or offense; or (2) new watershed rules of criminal procedure that are necessary to the fundamental fairness of the criminal proceeding.

Id. at 88 (internal quotations and citations omitted). The court found that neither exception applied, id. at 88, and thus concluded that Apprendi is not retroactive. Id. at 90.

Maldonado applied the reasoning of Coleman to second or successive petitions under § 2255. In Maldonado, the petitioner filed, and the courts denied, the initial § 2255 petition before the enactment of AEDPA and the Apprendi ruling. 344 F.3d at 245. Subsequent to AEDPA and Apprendi, petitioner applied to the Second Circuit for permission to file a second or successive petition under § 2255. Id. at 246. Petitioner conceded that his second § 2255 petition did not meet AEDPA requirements but argued that those requirements, as applied to him, had an impermissible retroactive effect. Id.

The Second Circuit declined to decide "whether, or under what circumstances, AEDPA's gatekeeping provisions have a

'retroactive effect' . . . because, even prior to the enactment of AEDPA, [petitioner] would not have been permitted to file a second petition." Id. (citations omitted). The court observed that pre-AEDPA petitioners who sought to bring a second habeas petition based on a new rule of constitutional criminal procedure had to demonstrate that the new rule fit into the two categories discussed above. See id.

Applying the reasoning of Coleman, the Second Circuit in Maldonado found that the Apprendi claim before it "would not have been cognizable on collateral review even before the enactment of AEDPA." Id. at 247. Because the petition would not have met pre-AEDPA requirements, AEDPA had no impermissible retroactive effect. Id. at 245. Petitioner's motion for leave to file a second habeas petition was thus denied. Id.

Similarly, the Second Circuit in Guzman held that Booker established a new rule that was not substantive and was not a "watershed rule." 404 F.3d at 142-43. Thus, the court held that Booker is not retroactive: "[I]t does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." Id. at 144.

These three cases are dispositive of the instant motion. Under Coleman and Guzman, Caro's Apprendi and Booker claims are not retroactive on collateral review. Under Maldonado, this lack of retroactivity renders Caro's petition non-cognizable under

pre-AEDPA standards. Because the Second Circuit has already stated that Caro's petition does not meet AEDPA standards, and because the petition is not cognizable under pre-AEDPA standards, the petition must be dismissed.

## CONCLUSION

For the foregoing reasons, Caro's motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his sentence is impermissible and is thus dismissed in its entirety. This case is closed and the Clerk of the Court is instructed to remove the case from the Court's active docket.

SO ORDERED.

Dated: New York, New York
September 20, 2005

John F. Keenan
JOHN F. KEENAN
United States District Judge