**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
RAMON CARO,                         :
                                    :
         Petitioner,                :    02 Civ. 5442 (JFK)
                                    :    89 Cr. 31 (JFK)
                                    :
     -against-                      :    **OPINION AND ORDER**
                                    :
UNITED STATES OF AMERICA,           :
                                    :
         Respondent.                :
------------------------------------X

**APPEARANCES**:

    For Petitioner, <u>Pro Se</u>:

        RAMON CARO
        Reg. No. 05914-069
        FCI Schuylkill
        P.O. Box 759
        Minersville, Pennsylvania 17954

    For Respondent:

        MICHAEL J. GARCIA
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007
            Of Counsel: AUSA Thomas G. A. Brown

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

### PRELIMINARY STATEMENT

Before the Court is the pro se motion of Petitioner Ramon Caro ("Caro"), pursuant to Fed. R. Civ. P. 60(b), to vacate the Court's denial of his first 28 U.S.C. § 2255 petition. For the reasons discussed below, Caro's motion is denied.

### BACKGROUND

On January 19, 1989, Caro was charged in a two-count indictment with (1) conspiracy to distribute, and possessing with intent to distribute, 50 grams and more of cocaine base (also known as "crack") and 5 kilograms and more of powder cocaine, in violation of 21 U.S.C. § 846, and (2) maintaining a facility for the distribution of narcotics, in violation of 21 U.S.C. § 856. On December 8, 1989, a jury convicted Caro, who was represented by counsel, of both counts.

On June 5, 1990, the Court sentenced Caro. After finding that the offense conduct involved between 50 and 150 kilograms of cocaine, the Court fixed Caro's Guidelines base offense level at 36, as specified in the Pre-Sentence Report. After adding enhancements for firearms, obstruction of justice and Caro's role as a manager or organizer of the conspiracy, the Court arrived at Level 42, Criminal History Category I (30 years to life). The Court sentenced Caro to concurrent terms of 35

years' imprisonment on Count One and 20 years' imprisonment (240 months) on Count Two.

Caro appealed.  On December 12, 1990, the Second Circuit affirmed the conviction by mandate.  United States v. Caro, 923 F.2d 845 (2d Cir. 1990).  On May 4, 1993, Caro, acting pro se, filed his first habeas petition under 28 U.S.C. § 2255. He alleged ineffective assistance of trial and appellate counsel. Caro also filed an application to amend his petition to raise an Ex Post Facto Clause argument, and to make a motion challenging the Court's Guidelines calculations pursuant to 18 U.S.C. § 3582(c)(2).  On January 18, 1996, the Court denied Caro's § 2255 petition and all related applications. See Caro v. United States, No. 93 Civ. 2934(JFK), 1996 WL 19044 (S.D.N.Y. Jan. 18, 1996). On March 1, 1996, the Second Circuit denied Caro's petition for a writ of mandamus.

On May 28, 2001, Caro filed an application with the Second Circuit for leave to file a second habeas petition, arguing that his sentence was unconstitutional after the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).  On July 30, 2001, the Second Circuit denied the application because it did not meet the standard for authorization as a successive § 2255 motion.  See United States v. Caro, No. 01-3592 (2d Cir. July 30, 2001) (unpublished order).  However, the Circuit observed in its Order

3

that authorization may not be required because the first habeas petition had been filed prior to the passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). At that time, it had not been determined whether petitions filed prior to the AEDPA counted under the successive petitions rule of § 2255. See 28 U.S.C. § 2244(b). The Circuit ordered Caro to file his second petition with this Court, so that this Court could determine whether it had jurisdiction to consider it.

On June 18, 2002, Caro, pro se, filed his second § 2255 petition, alleging ineffective assistance of trial counsel and that his sentence violated Apprendi. He filed supplemental briefs in August 2004 and February 2005, arguing that his sentence also violated Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). On September 20, 2005, the Court denied Caro's second § 2255 petition, holding that Apprendi, Blakely, and Booker are not retroactive on collateral review. See Caro v. United States, No. 02 Civ. 5442(JFK), 2005 WL 2298135 (S.D.N.Y. Sept. 20, 2005).

On October 20, 2005, Caro filed the instant Rule 60(b) motion to vacate the Court's denial of his first habeas petition and to reconsider that petition in light of Apprendi. He cites two recent Second Circuit decisions, United States v. Gonzalez, 420 F.3d 111 (2d Cir. 2005) and United States v. Cordoba-Murgas,

422 F.3d 65 (2d Cir. 2005). In Gonzalez, the Circuit held that "[t]he drug quantities specified in 21 U.S.C. § 841 are elements that must be pleaded and proved to a jury or admitted by a defendant to support any conviction on an aggravated drug offense, not simply those resulting in sentences that exceed the maximum otherwise applicable." Gonzalez, 420 F.3d at 133-34.  In Cordoba-Murgas, the Circuit held that "though an indictment can be waived by a defendant ..., admission of quantity in a plea allocution does not constitute a waiver of the required elements of an indictment." Cordoba-Murgas, 422 F.3d at 66. Caro claims that he is entitled to Rule 60(b) relief because these cases render invalid this Court's sentence, which he claims was based on a drug weight and other sentencing factors not charged in the indictment. Caro also seeks relief on the ground that the denial of his first habeas petition was based on pre-Apprendi law.

## DISCUSSION

Rule 60(b) provides a party with the opportunity to seek relief from a judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ...; misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) further provides that any motion "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more

5

than one year after the judgment, order, or proceeding was entered or taken."

Caro contends that his Rule 60(b) motion is properly before the Court under the subsection (6) catchall provision. However, Caro's motion was not made in the "reasonable time" required by Rule 60(b). In making the reasonableness determination, the Court looks to "the particular circumstances of the case, and balance[s] the interest in finality with reasons for delay." PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983). For example, delays of twenty months or more for Rule 60(b) motions relying on Apprendi have been held unreasonable. See, e.g. Eubanks v. United States, No. 97 Civ. 3891(PKL), 2005 WL 1949474, at *3 (S.D.N.Y. Aug. 11, 2005) (Leisure, J.) (delay of twenty-seven months after Apprendi was unreasonable); Moses v. United States, No. 97 Civ. 2833(RPP), 2002 WL 31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (Patterson, J.) (twenty months' delay after Apprendi was unreasonable). Caro made the instant motion fifteen years after the Circuit affirmed his conviction in 1990, ten years after this Court decided his first habeas petition in 1996, and more than five years after Apprendi. This was not "within a reasonable time." Even if Caro had argued that the starting point for the reasonableness analysis should be Gonzalez or Cordoba-Murgas, the result would not change. In this context, Apprendi is the starting point, not

6

a subsequent decision applying <u>Apprendi</u>.  <u>See</u> <u>Eubanks</u>, 2005 WL 1949474, at *3.

Furthermore, Caro's motion is an improper use of Rule 60(b).  The Second Circuit has limited Rule 60(b) motions in the habeas context to cases in which the motion "attacks the integrity of the habeas proceeding and not the underlying criminal conviction."  <u>Harris v. United States</u>, 367 F.3d 74, 77 (2d Cir. 2004).  Caro's motion does not attack the prior habeas proceedings, nor does it show evidence that the proceedings were tainted.  Instead, he merely recasts the same <u>Apprendi</u> argument that the Court already has considered and rejected.  <u>See</u> <u>Caro</u>, 2005 WL 2298135, at *3-4.  Rule 60(b) is not a means by which defendants may attempt an end run around the restrictions on successive habeas petitions in 28 U.S.C. § 2244(b).

Even if the Court were to address the merits, the motion would fail.  <u>Gonzales</u> and <u>Cordoba-Murgas</u>, cited <u>supra</u>, applied <u>Apprendi</u> to cases in which no drug weight was alleged in the indictment.  Both cases cite <u>United States v. Thomas</u>, 274 F.3d 655 (2d Cir. 2001), which held that, in light of <u>Apprendi</u>, "it is error for a court to 'enhance' a defendant's sentence above a statutory maximum based on drug quantity if the Government has not charged drug quantity in the indictment and proved it to a jury beyond a reasonable doubt."  <u>Id.</u> at 663.  It is settled, however, that <u>Apprendi</u> does not apply retroactively

7

to initial § 2255 habeas motions. Coleman v. United States, 329 F.3d 77, 82 (2d Cir. 2003). If Apprendi is not retroactive, the Court does not see how Thomas, Gonzalez and Cordoba-Murgas are. Caro makes no argument along these lines. Thus, even if the Court granted Caro's Rule 60(b) motion and reopened his first habeas petition, the Court would have to deny it again on retroactivity grounds.

Moreover, paragraphs 2 and 3 of Caro's indictment did, in fact, charge specific weights of narcotics. (See supra, p. 2.)

## CONCLUSION

Caro's Rule 60(b) motion to vacate the Court's denial of his first habeas petition is denied. The case remains closed.

**SO ORDERED.**

Dated: New York, New York
       August 31, 2006

_____
JOHN F. KEENAN
United States District Judge