**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------X
RAMON CARO,                         :
                                    :
          Petitioner,               :   02 Civ. 5442 (JFK)
                                        89 Cr. 31 (JFK)
                                    :
     -against-                          MEMORANDUM OPINION
                                    :       & ORDER
                                    :
UNITED STATES of AMERICA,           :
                                    :
          Respondent.               :
------------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Petitioner Ramon Caro's ("Caro") second motion pursuant to Rule 60(b)(6) to vacate the denial of a prior 28 U.S.C. § 2255 petition. For the reasons discussed below, the motion is denied.

### BACKGROUND

On January 19, 1989, Caro was charged in a two-count indictment with (1) conspiracy to distribute, and to possess with intent to distribute, more than 50 grams of cocaine base (also known as "crack") and more than 5 kilograms of powder cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846; and (2) maintaining a facility for the distribution of narcotics, in violation of 21 U.S.C. § 856. A jury convicted him of both counts on December 8, 1989. On June 5, 1990, he was sentenced to concurrent terms of 35 years'

imprisonment on Count One and 20 years' imprisonment on Count Two.

Caro appealed, and the Second Circuit affirmed the conviction by mandate dated December 12, 1990. United States v. Caro, 923 F.2d 845 (2d Cir. 1990) (unpublished mandate). On May 4, 1993, Caro filed his first pro se § 2255 petition. He alleged ineffective assistance of trial and appellate counsel. He also filed an application to amend his petition to raise an Ex Post Facto Clause argument, and to make a motion challenging the Court's Guidelines calculations pursuant to 18 U.S.C. § 3582(c)(2). On January 18, 1996, the Court denied Caro's § 2255 petition and all related applications. See Caro v. United States, No. 93 Civ. 2934 (JFK), 1996 WL 19044 (S.D.N.Y. Jan. 18, 1996). On March 1, 1996, the Second Circuit denied Caro's petition for a writ of mandamus.

On May 28, 2001, Caro filed an application with the Second Circuit for leave to file a second habeas petition, arguing that his sentence was unconstitutional after the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). On July 30, 2001, the Second Circuit denied the application because it did not meet the standard for authorization as a successive § 2255 motion. United States v. Caro, No. 01-3592 (2d Cir. July 30, 2001) (unpublished mandate). However, the Circuit observed in its Order that authorization may not be required

because the first habeas petition had been filed prior to the passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). At that time, it had not been determined whether petitions filed prior to the AEDPA counted under the successive petitions rule of § 2255. See 28 U.S.C. § 2244(b). The Circuit ordered Caro to file his second petition with this Court so that this Court could determine whether it had jurisdiction to consider it.

On June 18, 2002, Caro filed his second pro se § 2255 petition in this Court, alleging ineffective assistance of trial counsel and that his sentence violated Apprendi. He filed supplemental briefs in August 2004 and February 2005, arguing that his sentence also violated Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005). On September 20, 2005, the Court denied Caro's second § 2255 petition, holding that Apprendi, Blakely, and Booker are not retroactive on collateral review. See Caro v. United States, No. 02 Civ. 5442 (JFK), 2005 WL 2298135 (S.D.N.Y. Sept. 20, 2005).

On October 20, 2005, Caro filed his first motion pursuant to Rule 60(b) to vacate the denial of his first § 2255 petition, making the same Apprendi arguments as he had in his second § 2255 petition. On August 31, 2006, the Court denied the motion. Caro v. United States, Nos. 02 Civ. 5442 (JFK) and 89 Cr. 31 (JFK), 2006 WL 2527779 (S.D.N.Y. Aug. 31 2006). The

Court held that the motion, made fifteen years after Caro's conviction, 10 years after the denial of his first § 2255 petition, and five years after Apprendi, was not made within a "reasonable time," as required by Rule 60(b). Id. at *2. The Court also held that the motion was improper under Rule 60(b) because it did not attack the habeas proceedings but instead recast the same Apprendi argument that the Court had already rejected. Id. at *3. Finally, the Court rejected Caro's Apprendi claim on the merits. Id.

Caro filed the instant motion, his second pursuant to Rule 60(b)(6), on October 1, 2007. In it, he claims that he received ineffective assistance of counsel in connection with one of his pro se § 2255 petitions and that his sentence was unreasonable.[1]

**DISCUSSION**

Rule 60(b) of the Federal Rules of Civil Procedure provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

---

[1] Caro also submitted a reply brief on June 3, 2008, in which he argues that the Court of Appeals erred in denying him a Certificate of Appealability from the order denying his first Rule 60(b) motion. See Caro v. United States, No. 06-5738-pr (2d Cir. Feb. 26, 2007) (unpublished mandate). The Court lacks authority to review this claim.

> discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).  In order to obtain relief under Rule 60(b)(6), a defendant must demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment," which "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Caro alleges that he suffered "ineffective assistance of counsel in a prior § 2255 motion" and was "defrauded" by an "unlicensed attorney."  Caro does not specify whether he received this ineffective assistance in connection with his first or second § 2255 petition.  He filed both of these petitions pro se.  Caro also fails to describe how the unidentified attorney's performance in connection with the § 2255 petition was deficient or how Caro suffered prejudice as a result.  This claim demonstrates no "extraordinary

circumstances" that would permit the reopening of the habeas proceedings pursuant to Rule 60(b)(6).

The remainder of Caro's Rule 60(b) motion, like his first one, challenges the lawfulness of his sentence. Again, Caro has sought to use a Rule 60(b) motion to attack his underlying conviction in an effort to "attempt an end run around the restrictions on successive habeas petitions in 28 U.S.C. § 2244(b)." Caro v. United States, 2006 WL 2527779 at *3. The Court lacks authority to review this claim.

The Rule 60(b) motion is denied. This case remains closed.

**SO ORDERED.**

Dated:   New York, New York
         July 29, 2008

                                                 JOHN F. KEENAN
                                     United States District Judge