USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:_____08/20/2012_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA                    :

                                            :          No. 89 Cr. 31 (JFK)

        – against –                         :

                                            :          MEMORANDUM OPINION
RAMON CARO,                                 :               AND ORDER

                                            :

                            *Defendant*. :

------------------------------------------------------------ X

John F. Keenan, United States District Judge:

        Defendant Ramon Caro ("Caro") moves for a reduction in sentence pursuant

to 18 U.S.C. § 3582(c)(2) and Sections 1B1.10 and 3E1.1 of the United States

Sentencing Guidelines.[1]  For the reasons set forth below, the motion is denied.

## I. BACKGROUND

### A.    CONVICTION AND SENTENCE

        On December 8, 1989, a jury found Caro guilty of conspiracy to violate the

narcotics laws of the United States, in violation of 21 U.S.C. § 846 ("Count I"), and

of maintaining a facility to distribute narcotics, in violation of 21 U.S.C. § 856

("Count II").

        On June 5, 1990, Caro appeared before the Court for sentencing.  Largely

adopting the recommendations of the United States Probation Office, the Court

determined that the appropriate offense level was forty-two and that Caro's

Criminal History Category was I, yielding a guideline range of three hundred and

sixty months to life in prison.  The Court's calculation of the offense level was based

---

[1] Unless otherwise stated, citations to the United States Sentencing Guidelines Manual are to the 2011 edition of the United States Sentencing Guidelines Manual.

on adding three two-point enhancements for Caro's role in the offense conduct, possession of a firearm during the offense, and obstruction of justice, to the base offense level of thirty-six, which was based on evidence that the charged conspiracy involved over ninety-nine kilograms of cocaine and cocaine base. *See* U.S.S.G. Manual §§ 2D1.1(b), (c), 2D1.4, 3B1.1(c), 3C1.1 (1989). Based on these findings, the Court sentenced Caro to a thirty-five year term of imprisonment with respect to Count I. With respect to Count II, the Court imposed a concurrent twenty-year term of imprisonment.

On appeal, the United States Court of Appeals for the Second Circuit affirmed the conviction and sentence. *United States v. Caro*, 923 F.2d 845 (2d Cir. 1990) (unpublished mandate).

B.    CARO'S POST-CONVICTION MOTIONS

On May 4, 1993, Caro moved to vacate his conviction pursuant to 28 U.S.C. § 2255. *See Caro v. United States*, No. 93 Civ. 2934 (JFK), 1996 WL 19044, at *1 (S.D.N.Y. Jan 18, 1996) ("*Caro I*"). This first § 2255 motion alleged ineffective assistance of trial and appellate counsel. *Id.* at *1. After amending his § 2255 motion and while that motion was pending, Caro filed a motion under 28 U.S.C. § 3582(c) for reduction in his sentence based on amendments to the Sentencing Guidelines that became effective November 1, 1995. *Id.* In *Caro I*, the Court denied Caro's first § 2255 motion on the grounds that Caro's claims of ineffective assistance of counsel did not satisfy the standard established in *Strickland v. Washington*, 466 U.S. 688 (1984), that Caro's trial counsel had objected to the amount of cocaine attributed to Caro at sentencing, and that Caro's claims under the *Ex Post Facto*

– 2 –

Clause of the Constitution of the United States lacked merit. *Caro I*, 1996 WL 19044, *2–4.  The Court also denied Caro's first § 3582(c) motion because it found that the relevant amendments to the Sentencing Guidelines did not warrant an adjustment in the base offense level. *Id.*at *4.

On May 31, 2001, Caro moved before the Second Circuit for leave to file a second § 2255 motion in this Court.  The Second Circuit denied the motion but remanded to this Court for a determination of whether Caro's proposed § 2255 was barred as "successive" under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996). *Caro v. United States*, No. 01-3592 (2d Cir. July 30, 2001).  Caro subsequently filed his second § 2255 motion in this Court, arguing that his sentence was improper under *Apprendi v. New Jersey*, in which the Supreme Court of the United States held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 430 U.S. 466, 490 (2000).  Caro claimed that the Government violated *Apprendi* when it failed to allege a group of punishment enhancing factors in the indictment and when it failed to submit these punishment enhancing factors to the jury for determination of whether the Government had satisfied its burden of proof beyond a reasonable doubt. *Caro v. United States*, No. 02 Civ. 5442 (JFK), 89 Cr. 31 (JFK), 2005 WL 2298135, *3 (S.D.N.Y. Sept. 20, 2005) (*Caro II*).  Caro also presented claims under the Sixth Amendment to the Constitution of the United States, including ineffective assistance of counsel and violation of his right to jury

trial under *Blakely v. Washington*, 542 U.S. 296 (2004), and *Booker v. United States*, 543 U.S. 220 (2005).

While Caro's successive motion was pending, the Second Circuit held that *Apprendi* was "a new rule that does not apply retroactively to initial section 2255 motions for habeas relief." *Coleman v. United States*, 329 F.3d 77, 82 (2d Cir. 2003). The Second Circuit applied the same logic when it rejected successive § 2255 motions raising *Apprendi* claims in *Maldonado v. United States*, 344 F.3d 244 (2d Cir. 2003), and again to § 2255 motions raising *Booker* claims in *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005).  In light of the Second Circuit's decisions in *Maldonado* and *Guzman*, this Court rejected Caro's second § 2255 motion on the merits as "not cognizable under pre-AEDPA standards." *Caro II*, 2005 WL 2298135, at *4.

Thereafter, Caro moved under Civil Rule 60(b)(6) to vacate the denial of his first § 2255 motion and to reconsider that motion in light of *Apprendi*.  Citing *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005), and *United States v. Cordoba-Murgas*, 422 F.3d 65 (2d Cir. 2005), Caro argued that he was entitled to relief from the Court's order denying his first § 2255 motion because the Court's sentence was "based on a drug weight and other sentencing factors not charged in the indictment." *Caro v. United States*, No. 02 Civ. 5442 (JFK), No. 89 Cr. 31 (JFK), slip op. at 5 (S.D.N.Y. Aug. 31, 2006) (*Caro III*).  The Court denied Caro's Civil Rule 60(b)(6) as untimely and noted additionally that Civil Rule 60(b) "is not a means by which defendants may attempt an end run around the restrictions on successive

habeas petitions in 28 U.S.C. § 2244(b)." *Id.* at 7.  The Court declined to issue a certificate of appealability, and the Second Circuit dismissed Caro's appeal when he failed to identify each issue to be raised on appeal as required by Second Circuit Local Rule 22(a). *Caro v. United States*, No. 06-5738-cr (2d Cir. Feb. 26, 2007).

Caro filed a second motion under Civil Rule 60(b) in October 2007 and a second motion for resentencing under 18 U.S.C. § 3582(c)(2) in November 2007.  In these motions, which were amended in January, March, and April 2008, Caro claimed he received ineffective assistance of counsel in pursuing his § 2255 motions and that he was entitled to a reduction in sentence under amendments to § 2D1.1 of the Sentencing Guidelines, which had been amended with retroactive effect on May 21, 2008.  In two separately written memorandum opinions, the Court rejected Caro's Civil Rule 60(b) motion as an improper attack on his underlying criminal conviction, (Mem. Op. and Order 5–6, July 28, 2008, ECF No. 89,) and held that Caro was ineligible for a reduction in sentence because the requested reduction did not apply in Caro's case, (Mem. Op. and Order 5, July 28, 2008, ECF No. 90 (quoting U.S.S.G. Manual Supp. 2007, § 2D1.1, App. Note 10(D))).

After the Court denied Caro's second Civil Rule 60(b) motion and his second § 3582(c)(2) motion, Caro filed a third § 3582(c)(2) motion, this time seeking a reduction of his sentence in light of the Supreme Court's decisions in *United States v. Kimbrough*, 552 U.S. 85 (2007), and *Spears v. United States*, 555 U.S. 261 (2009). (Order 3, January 4, 2010, ECF No. 92.)  The Court noted that § 3582(c)(2) did not permit modification of a sentence based on a change in law brought about by a court

decision and denied Caro's motion. (*Id.* at 3–4 (quoting *Poindexter v. United States*, 556 F.3d 87, 89 (2d Cir. 2009)).)   The Second Circuit denied Caro's subsequent application for leave to proceed *in forma pauperis* on appeal because his appeal "lack[ed] an arguable basis in law or fact." *United States v. Ramo Caro*, 10-282-cr (2d Cir. July 15, 2010).

C.     DEFENDANT'S INSTANT MOTION FOR REDUCTION IN SENTENCE

Defendant moves once more for a sentencing reduction, this time under a November 2011 amendment to the Sentencing Guidelines.  Amendment 750 to the United States Sentencing Guidelines permanently implemented the Fair Sentencing Act of 2010, Pub. L. 111–220, 124 Stat. 2372 (2010), which had temporarily "reduced the statutory penalties for cocaine base ("crack cocaine") offenses, eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine, and contained directives to the [United States Sentencing] Commission to review and amend the guidelines to account for specified aggravating and mitigating circumstances in certain drug cases." U.S.S.G. Manual app. C, Am. 750 (2011).  In promulgating Amendment 750, the Sentencing Commission exercised its discretion to give Parts A and C of the amendment retroactive effect. *Id.* § 1B1.10(c), Application Note 4.

On March 12, 2012, Caro filed the instant motion *pro se*, styled "Motion for Reduction of Sentence Pursuant to the Retroactive Crack Amendment (750), 18 U.S.C. § 3582(c) and Post Conviction Rehabilitation 18 U.S.C. § 3553." (Df.'s Mot. for Retroactive App. of Sent. Guidelines 1, March 13, 2012, ECF No. 99.)  Caro seeks a six-point reduction in the calculation of his offense level based on

Amendment 750.  Citing § 3E1.1 of the Sentencing Guidelines, Caro also requests an additional two-point reduction of his offense level based on his claimed post-offense acceptance responsibility, which he argues has been demonstrated through post-conviction rehabilitation. (*Id.* at 2.)  In support of his request for resentencing under section 3E1.1 of the United States Sentencing Guidelines, Caro attests that during his twenty-two year incarceration, he has "made every effort to rehabilitate himself and has maintained clear conduct" by attending educational programs and working for Federal Prison Industries during that time. (*Id.*)  In sum, Caro requests an eight point reduction of his offense level.

## II.  DISCUSSION

### A.   LEGAL STANDARD

This Court "liberally construe[s] pleadings and briefs submitted by pro se litigants," like Caro, and reads his "submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (citations omitted).

A district court "may not modify a term of imprisonment once it has been imposed," unless expressly permitted by law. 18 U.S.C. § 3582(c); *see Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007).  However, "in the case of a defendant who has been sentenced to a term of imprisonment based on a guideline range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In *Dillon v. United States*, 130 S. Ct. 2683 (2010), the Supreme Court set forth a two-step inquiry for determining when a district court may reduce a sentence under 18 U.S.C. § 3582(c). First, the court must determine whether the defendant is eligible for a sentence reduction. *Id.* at 2691. To determine a defendant's eligibility for a sentence reduction, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [relevant amendment] had been in effect at the time the defendant was sentenced. In making such determination, the court shall . . . leave all other guideline application decisions unaffected." U.S.S.G. Manual § 1B1.10(b)(1). A defendant is ineligible for a sentencing reduction if an amendment with retroactive effect does not modify the applicable guidelines range for the defendant. *Id.* § 1B1.10 App. Note 1(A).

Only after a defendant has shown threshold eligibility for a sentencing reduction must the Court consider the second step of the *Dillon* inquiry. If a defendant is eligible for a reduction in sentence, "the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) (quoting *Dillon*, 130 S. Ct. at 2692).

B.      APPLICATION

Under *Dillon*, this Court is required first to determine as a threshold matter whether Amendment 750 would result in a guideline range different from that which the Court applied when it sentenced Caro.  At the time of sentencing, the applicable version of the Sentencing Guidelines indicated that the appropriate base offense level for a conspiracy involving between fifty kilograms and one hundred and fifty kilograms of cocaine or the equivalent amount of other Schedule I or II stimulants was thirty-six.  U.S.S.G. Manual §§ 2D1.1(c)(4), 2D1.4 (1989).   In sentencing Caro, the Court determined the offense level with reference to evidence presented at trial indicating that Caro was responsible for the distribution of 248.6 grams of cocaine base and 49.9 grams of cocaine in March and April 1988, and that the conspiracy involved the distribution of seventy-five kilograms of cocaine or cocaine base. (Presentence Report ¶¶ 19, 30.)

Based on the foregoing, Caro is ineligible for a reduction in sentence under Amendment 750 to the Sentencing Guidelines.  The current Sentencing Guidelines indicate that the appropriate base offense level for a conspiracy involving at least fifty kilograms but less than one hundred and fifty kilograms of cocaine is thirty-six, and that the appropriate base offense level for a conspiracy involving at least 2.8 kilograms but less than 8.4 kilograms of cocaine base is also thirty-six.  Because the conspiracy with which Caro was charged involved the distribution of seventy-five kilograms of cocaine or cocaine base, the conspiracy necessarily involved the distribution of more than fifty kilograms of cocaine or more than 2.8 kilograms of cocaine base.  Leaving all other guideline application decisions unaffected, the

– 9 –

applicable guideline range would still be 360 months to life.  Because Amendment 750 would not result in a modification in his guideline range, Caro is ineligible for a sentencing reduction under § 3582(c).  Caro's motion under § 3582(c) and section 1B1.10 of the Sentencing Guidelines is denied.

The Court must also deny Caro's request for a sentencing reduction for acceptance of responsibility (though post-conviction rehabilitation) under section 3E1.1 of the Sentencing Guidelines.  While a district court may consider post-sentencing conduct in determining whether to grant a reduction in a defendant's term of imprisonment, that defendant must first demonstrate eligibility for a reduction of sentence according to a specific amendment to the Sentencing Guidelines. U.S.S.G. Manual § 1B1.10, Application Note 1(A), (B)(iii).  Given Caro's failure to identify an amendment to the Sentencing Guidelines warranting a reduction in his sentence, the Court may not entertain his motion for a reduction in sentence for post-conviction rehabilitation.

## III. CONCLUSION

For the reasons set forth above, Caro's motion for resentencing under 18 U.S.C. § 3582(c)(2) and Sections 1B1.10 and 3E1.1 of Sentencing Guidelines is denied.  The Clerk of Court is directed to close the open motions at ECF Nos. 99 and 100.

**SO ORDERED.**

Dated:      New York, New York
            August 2 0 , 2012

                                    _John F. Keenan_
                                     John F. Keenan
                              United States District Judge

– 10 –